**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JEFFREY J. BERNHARDT

        Plaintiff,

vs.

COUNTY OF ERIE,
DEPUTY JOHN DUNN, DEPUTY PAUL REED,
DEPUTY KENNETH P. ACHTYL,

        Defendants.

**NOTICE OF REMOVAL OF**
**ACTION (28 U.S.C. §1441(b))**
**Federal Cause of Action**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1441(b) and 1446, defendants, THE
COUNTY OF ERIE, DEPUTY JOHN DUNN, DEPUTY PAUL REED, DEPUTY KENNETH
P. ACHTYL, hereby remove to this Court the civil action filed in the Supreme Court of the State
of New York, County of Erie, as described below.

On September 13, 2019, plaintiff, JEFFREY J. BERNHARDT, filed a civil action

entitled, JEFFREY J. BERNHARDT against COUNTY OF ERIE, DEPUTY JOHN DUNN,

DEPUTY PAUL REED, DEPUTY KENNETH P. ACHTYL, under Case Index Number

811793/2019.  The individually named defendants are purported to be those Erie County

Sheriff's Department deputies currently identified by the Plaintiff as alleged to have been

involved in the circumstances underlying this litigation.

On or about September 20, 2019, COUNTY OF ERIE, DEPUTY JOHN DUNN,

DEPUTY PAUL REED and DEPUTY KENNETH P. ACHTYL were served with the Summons

and Complaint in the above-referenced state court action.  A copy of the summons and complaint

in the state court action is attached hereto as **Exhibit "A"**.  A copy of Defendants' answer in the

state court action is attached as **Exhibit "B"**.

No further proceedings have been had in the state court action.  Plaintiff's Complaint contains a cause of action pursuant to 42 U.S.C. §1983, against the COUNTY OF ERIE, DEPUTY JOHN DUNN, DEPUTY PAUL REED, and DEPUTY KENNETH P. ACHTYL, alleging  a "use and exercise of unreasonable force against Plaintiff in violation of the Fourth and Fourteenth Amendments", as alleged within the Complaint.

Accordingly, this Court has original jurisdiction over the state court action under 28 U.S.C. §1331 (federal question) because it is a civil action that arises under the Constitution, laws, or treaties of the United States.

No previous application has been made for the relief requested herein.


DATED:  Buffalo, New York
         September 30, 2019

                                  Respectfully submitted,

                                  MICHAEL A. SIRAGUSA
                                  Erie County Attorney and Attorney for
                                  Defendants,

                                  By: /s/  **ANTHONY B. TARGIA**
                                  ANTHONY B. TARGIA
                                  Assistant County Attorney, of Counsel
                                  95 Franklin Street, Room 1634
                                  Buffalo, New York 14202


TO:   Emily F. Janicz, Esq.
      Attorneys for Plaintiff
      800 Cathedral Park Tower
      37 Franklin Street
      Buffalo, New York 14202
      (716) 854-2100

**Index of Documents**

**Filed in State Court, Prior to Removal**

Document                                          Date of Filing

A. Summons and Complaint                          September 13, 2019

B. Answer                                         September 27, 2019

# EXHIBIT A

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM

NYSCEF DOC. NO. 1

INDEX NO. 811793/2019

RECEIVED NYSCEF: 09/13/2019

**STATE OF NEW YORK**
**SUPREME COURT : COUNTY OF ERIE**

---

**JEFFREY J. BERNHARDT**
7455 Crumb Hill Road,
East Otto, New York 14729.

                       Plaintiff,               **SUMMONS**

      -vs.-

**COUNTY OF ERIE**
95 Franklin Street
Buffalo, New York 14202

**DEPUTY JOHN DUNN**
10 Delaware Avenue
Buffalo, New York 14202

**DEPUTY PAUL REED**
10 Delaware Avenue
Buffalo, New York 14202

**DEPUTY KENNETH P. ACHTYL**
10 Delaware Avenue
Buffalo, New York 14202

                       Defendants

---

**TO THE ABOVE-NAMED DEFENDANT(S):**

      **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's Attorney, at the address stated below, a written Answer to the attached Complaint.

      If the Summons is served upon you within the State of New York by personal service you must respond within TWENTY (20) days after service, not counting the day of service.   If the Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

*1*

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM

NYSCEF DOC. NO. 1

INDEX NO. 811793/2019

RECEIVED NYSCEF: 09/13/2019

If you do not respond to the attached Complaint within the applicable time limitation stated above a Judgment will be entered against you, by default for the relief demanded in the Complaint, without further notice to you.

The action is brought in the COUNTY OF ERIE because:

X        Plaintiff's residence, or place of business;

X        Defendants' residence;

X        Designation made by Plaintiff.

Dated:        September 13, 2019
              Buffalo, New York

LEWIS & LEWIS P.C.

By: _____
        EMILY F. JANICZ, ESQ.
Attorneys for Plaintiff
800 Cathedral Park Tower
37 Franklin Street
Buffalo, NY    14202
Phone: (716) 854-2100

2

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 811793/2019
RECEIVED NYSCEF: 09/13/2019

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

JEFFREY J. BERNHARDT
                    Plaintiff,

                                                    **COMPLAINT**
        -against-                                   Index No.:

COUNTY OF ERIE,
DEPUTY JOHN DUNN,
DEPUTY PAUL REED, and
DEPUTY KENNETH P. ACHTYL
                    Defendants.

_____

        The plaintiff, JEFFREY J. BERNHARDT, by his attorneys, LEWIS & LEWIS, P.C., for
his complaint against the defendants herein, alleges, upon information and belief that:

### INTRODUCTION:

        This Action arises out of the assault, battery, unlawful search and seizure and unlawful
arrest of Plaintiff by deputies John Dunn, Paul Reed and Kenneth P. Achtyl of the Erie County
Sheriff's Department, while such deputies were acting within the scope of their employment and
under color of law.  This lawsuit seeks justice and fair compensation for Plaintiff with regard to
the above-referenced assault, battery, intentional infliction of emotional distress, false
imprisonment, false arrest, recklessness, negligence, negligent training, negligent supervision,
failure to instruct and train, and deprivation of civil rights under color of state law.

### ALLEGATIONS COMMON TO ALL CAUSES OF
### ACTION / JURISDICTION AND VENUE:

        1.      The plaintiff is a resident of the Town of East Otto, County of Erie, State of New
York.

        2.      The defendant, COUNTY OF ERIE, was and still is a municipal corporation
organized and existing pursuant to the laws of the State of New York.

        3.      At all times herein after mentioned, defendant, COUNTY OF ERIE maintained
responsibility, supervision, control and authority over the Erie County Sheriff's Department, its
agents, servants and employees, and is vicariously liable for the acts complained of herein.

*3*

INDEX NO. 811793/2019

RECEIVED NYSCEF: 09/13/2019

4.      Defendant JOHN DUNN (hereinafter, "DUNN") was and is a resident of the County of Erie and State of New York.

5.      Defendant PAUL REED (hereinafter, "REED") was and is a resident of the County of Erie and State of New York.

6.      Defendant KENNETH P. ACHTYL (hereinafter, "ACHTYL") was and is a resident of the County of Erie and State of New York.

7.      On or about June 14, 2018, Defendants DUNN, REED, and ACHTYL were acting within the scope of their employment as Erie County Sheriff's Deputies and were acting under color of state law.

8.      Defendants DUNN, REED and ACHTYL are being sued both in their official and personal capacities.

9.      On September 12, 2019, a Notice of Claim was served on behalf of the plaintiff, upon the COUNTY OF ERIE, DEPUTY JOHN DUNN, DEPUTY PAUL REED and DEPUTY KENNETH P. ACHTYL in accordance with Section 50e of the General Municipal Law.

10.     That Defendants have failed or neglected to adjust or pay the claim.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS DUNN, REED and ACHTYL
### FOR ASSAULT AND BATTERY PLAINTIFF ALLEGES:

11.     On or about June 14, 2018, while plaintiff lawfully operated his vehicle on Route 219 (at approximately 14445 Route 219 ST – also known as South Cascade Street) in the Town of Springville, County of Erie and State of New York, defendant DUNN, while in the course of his employment with the Erie County Sheriff's Department and acting under authority of the COUNTY OF ERIE and under color of state law, caused injury to Plaintiff by willfully, wantonly, recklessly, intentionally, and/or negligently committing an assault and battery upon him.

12.     On or about June 14, 2018, while plaintiff lawfully operated his vehicle on Route 219, (at approximately 14445 Route 219 ST – also known as South Cascade Street) in the Town of Springville, County of Erie and State of New York, defendant REED, while in the course of his employment with the Erie County Sheriff's Department and acting under authority of the COUNTY OF ERIE and under color of state law, caused injury to Plaintiff by willfully, wantonly, recklessly, intentionally, and/or negligently committing an assault and battery upon him.

13.     On or about June 14, 2018, while plaintiff lawfully operated his vehicle on Route 219, (at approximately 14445 Route 219 ST – also known as South Cascade Street) in the Town of Springville, County of Erie and State of New York, defendant ACHTYL, while in the course of his employment with the Erie County Sheriff's Department and acting under authority of the COUNTY OF ERIE and under color of state law, caused injury to Plaintiff by willfully,

*4*

INDEX NO. 811793/2019

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/13/2019

wantonly, recklessly, intentionally, and/or negligently committing an assault and battery upon him; falsely arresting him; and/or falsely imprisoning him.

14.    Plaintiff did not consent to the assault and/or battery.

15.    That defendant, REED, failed to intervene to prohibit the assault, battery, unlawful arrest and/or detention of Plaintiff from occurring.

16.    That defendant, ACHTYL, failed to intervene to prohibit the assault, battery, unlawful arrest and/or detention of Plaintiff from occurring.

17.    Defendant, REED, participated in the aforementioned assault, battery, unlawful arrest and detention, and in all of the illegal, negligent, careless, reckless and intentional acts set forth herein.

18.    Defendant, ACHTYL, participated in the aforementioned assault, battery, unlawful arrest and/or detention, and in all of the illegal, negligent, careless, reckless and intentional acts set forth herein.

19.    After the unlawful arrest, defendants, DUNN, REED and/or ACHTYL took custody of the plaintiff and brought Plaintiff to the Erie County Holding Center, all without plaintiff's consent, where Plaintiff remained confined in the custody of the Defendants.

20.    As a result of the aforesaid incident, Plaintiff suffered certain severe, permanent and painful injuries, internal as well as external, was rendered sick, sore, lame and disabled, sustained pain and suffering and shock to the nerves and nervous system, was caused to seek medical aid and attention, was caused to and did incur great medical expense, will be compelled to spend large sums of money for future medical expenses, was caused to incur legal expenses, and was caused to be incapacitated from performing his usual activities.

21.    That as a result of the foregoing, Plaintiff sustained general and special damages and is entitled to an award of punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## ALL DEFENDANTS FOR FALSE ARREST PLAINTIFF ALLEGES:

22.    Plaintiff repeats and realleges each and every allegation contained herein in paragraphs "1" and "21" of the Complaint with the same force and effect as if fully set forth herein.

23.    On or about June 14, 2018, defendants DUNN, REED, and/or ACHTYL while acting in the course and scope of their employment with Erie County Sheriff's Department and while under color of authority of the defendant COUNTY OF ERIE, falsely arrested and imprisoned Plaintiff following an illegal traffic stop and without authority of law or probable cause therefor.

5

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 811793/2019
RECEIVED NYSCEF: 09/13/2019

24.     Plaintiff committed no crime or violation of law on June 14, 2018, and any and all actions and omissions taken against Plaintiff by or on behalf of the Defendants to seize, assault, strike, kick, throw, detain and/or arrest Plaintiff were illegal.

25.     Defendant DUNN intended to confine Plaintiff.

26.     Defendant DUNN negligently confined Plaintiff.

27.     Defendant REED intended to confine Plaintiff.

28.     Defendant REED negligently confined Plaintiff.

29.     Defendant ACHTYL intended to confine Plaintiff.

30.     Defendant ACHTYL negligently confined Plaintiff.

31.     Plaintiff was conscious of the confinement and arrest.

32.     Plaintiff's confinement was not privileged and/or supported by probable cause.

33.     Plaintiff remained in confinement for a substantial period of time.

34.     The charges levied by defendants were dismissed.

35.     As a result of the false arrest and imprisonment, Plaintiff suffered certain severe, permanent and painful injuries, internal as well as external, was rendered sick, sore, lame and disabled, sustained pain and suffering and shock to the nerves and nervous system, was caused to seek medical aid and attention, was caused to and did incur great medical expense, will be compelled to spend large sums of money for future medical expenses, was caused to incur legal expenses, and was caused to be incapacitated from performing his usual activities.

36.     That as a result of the foregoing, Plaintiff sustained general and special damages and is entitled to an award of punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION PLAINTIFF ALLEGES:

37.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36" of the Complaint with the same force and effect as if fully set forth herein.

38.     That on or about June 14, 2018, defendant COUNTY OF ERIE, its agents, servants and/or employees, including Erie County Sheriff's Department and defendants DUNN, REED AND ACHTYL, individually and in their official capacities, were careless, reckless and negligent in conducting and performing police duties including, without limitation, the negligent use of force in detaining, arresting and confining Plaintiff; in carelessly, recklessly and negligently investigating the incident leading to Plaintiff's arrest and confinement; in violating

*6*

established rules, procedures and policies; and in negligently employing, supervising, training and retaining as employees members of the Erie County Sheriff's Department, including defendants DUNN, REED AND ACHTYL.

39.     As a result of the foregoing, Plaintiff suffered certain severe, permanent and painful injuries, internal as well as external, was rendered sick, sore, lame and disabled, sustained pain and suffering and shock to the nerves and nervous system, suffered loss of freedom, suffered humiliation and embarrassment, suffered emotional and mental distress, was caused to seek medical aid and attention, was caused to and did incur great medical expense, will be compelled to spend large sums of money for future medical expenses, was caused to incur legal expenses, and was caused to be incapacitated from performing his usual activities.

40.     That as a result of the foregoing, Plaintiff sustained general and special damages and is entitled to an award of punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR VIOLATION OF
### PLAINTIFF'S STATE LAW CONSTITUTIONAL
### RIGHTS PLAINTIFF ALLEGES:

41.     Plaintiff repeats and realleges paragraphs "1" through "40" of this Complaint with the same force and effect as if fully set forth herein.

42.     That on June 14, 2018, defendant COUNTY OF ERIE, its agents, servants and/or employees, including the Erie County Sheriff's Department, and defendants, DUNN, REED AND ACHTYL, individually and in their official capacities, while acting under color of law deprived Plaintiff of his state constitutional rights including the right to due process of law, freedom of speech and security against unreasonable searches and seizures as set forth above.

43.     That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### DEFENDANTS DUNN, REED AND ACHTYL FOR
### MALICIOUS PROSECUTION, PLAINTIFF ALLEGES:

44.     Plaintiff repeats and realleges paragraphs "1" through "43" of this Complaint as though fully set forth herein.

45.     Following the assault, battery, use of excessive force, unlawful arrest, false imprisonment, defendants DUNN, REED AND/OR ACHTYL caused the commencement of criminal proceedings against Plaintiff by executing and filing various state law informations/complaints.

46.     At the time the defendants DUNN, REED AND/OR ACHTYL executed and/or filed instruments Defendants knew that Plaintiff was not guilty of the charges or of any crime or

7

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM   INDEX NO. 811793/2019

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/13/2019

violation of law and Defendants knew that the instruments executed were without probable cause or any other justification.

     47.    In creating, drafting, executing and filing said accusatory instruments Defendants committed perjury.

     48.    Defendants DUNN, REED AND ACHTYL executed and filed the instruments out of malice and in retaliation against Plaintiff.

     49.    Plaintiff was required to retain counsel as a result of the charges filed in Concord Town Court.

     50.    The charges were terminated in favor of Plaintiff on approximately July 9, 2019.

     51.    That as a result of the foregoing, Plaintiff seeks an award of general, special and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS FOR VIOLATION
### OF 42 USC SECTION 1983, PLAINTIFF ALLEGES:

     52.    Plaintiff repeats and realleges paragraphs "1" through "51" of the Complaint with the same force and effect as if fully set forth herein.

     53.    That on or about June 14, 2018, defendant COUNTY OF ERIE, its agents, servants, and/or employees, including the Erie County Sheriff's Department and defendants DUNN, REED and ACHTYL, individually, officially, and in concert, used and or participated in and/or condoned the use and exercise of unreasonable and excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 USC Section 1983.

     54.    That on or about June 14, 2018, defendant COUNTY OF ERIE, its agents, servants, and/or employees, including the Erie County Sheriff's Department and Defendants DUNN, REED and ACHTYL, individually and in their official capacities, while acting under color of state law deprived Plaintiff of his sate and federal constitutional rights, including but not limited to the right to due process of law, freedom of speech and security against unreasonable searches and seizures.

     55.    That the violations set forth in paragraphs "53" and "54" above resulted from and out of the customs and practices of the Erie County Sheriff's Department and out of the scope of employment and duties within the Erie County Sheriff's Department.

     56.    That defendant, COUNTY OF ERIE is responsible and liable for the conduct of defendants DUNN, REED and ACHTYL including the violations set forth in paragraphs "53", "54" and "55" above.

*8*

FILED: ERIE COUNTY CLERK 09/13/2019 02:30 PM
INDEX NO. 811793/2019

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 09/13/2019

57. That through the above-referenced conduct the defendant, COUNTY OF ERIE, its agents servants and/or employees including the Erie County Sheriff's Department and defendants DUNN, REED and ACHTYL, deprived Plaintiff of liberty without due process of law; denied Plaintiff the right to equal protection of the laws pursuant to the Fourteenth Amendment; denied Plaintiff substantive due process of law pursuant to the Fourth and Fourteenth Amendments; and denied Plaintiff the right not to be searched, arrested, and criminally prosecuted without probable cause pursuant to the Fourth and/or Fourteenth Amendments.

58. As a result of the foregoing, Plaintiff suffered certain severe, permanent and painful injuries, internal as well as external, was rendered sick, sore, lame and disabled, sustained pain and suffering and shock to the nerves and nervous system, as well as loss of freedom, humiliation, loss of freedom, embarrassment, emotional and mental distress, and was caused to seek medical aid and attention, was caused to and did incur great medical expense, will be compelled to spend large sums of money for future medical expenses, was caused to incur legal expenses, and was caused to be incapacitated from performing his usual activities.

59. That Plaintiff's injuries and damages were caused solely by reason of the culpable conduct of the Defendants without any fault or negligence on the part of the Plaintiff.

60. That as a result of the foregoing, Plaintiff sustained general and special damages and is entitled to an award of punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly and severally, in a sum which exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction in this action, including punitive damages as well as reasonable attorneys' fees on the Sixth Cause of Action, together with such other further and different relief as is deemed just and proper and the costs and disbursements incurred in the prosecution of this action.

Dated:        **September 13, 2019**
              **Buffalo, New York**

                              LEWIS & LEWIS, P. C.

                              By

                                  EMILY F. JANICZ, ESQ.
                              **Attorneys for Plaintiff**
                              **800 Cathedral Park Tower**
                              **37 Franklin Street**
                              **Buffalo, NY    14202**
                              **Phone: (716) 854-2100**
                              **(File No. 18-00978)**

*9*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE
-------------------------------------------------------------------x
JEFFREY J. BERNHARDT

                    Plaintiff/Petitioner,

          - against -                          Index No. 811793/2019

COUNTY OF ERIE, ET AL
                    Defendant/Respondent.
-------------------------------------------------------------------x
### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: SEPTEMBER 13, 2019

EMILY F. JANICZ, ESQ.
Name

LEWIS & LEWIS, P.C.
Firm Name

37 FRANKLIN STREET, SUITE 800
Address

BUFFALO NY 14202

716-854-2100
Phone

EJANICZ@LEWISLAW.COM
E-Mail

To:   CTY OF ERIE, DEP JOHN

DUNN DEP PAUL REED

DEP KENNETH ACHTYL

6/6/18

# EXHIBIT B

## STATE OF NEW YORK
## SUPREME COURT : COUNTY OF ERIE

JEFFREY J. BERNHARDT

        Plaintiff,

vs.

COUNTY OF ERIE,
DEPUTY JOHN DUNN,
DEPUTY PAUL REED, and
DEPUTY KENNETH P. ACHTYL,

        Defendants.

| ANSWER |
| --- |
| Index No. 811793 / 2019 |

| TRIAL BY JURY DEMANDED |
| --- |

The Defendants, COUNTY OF ERIE, DEPUTY JOHN DUNN, DEPUTY PAUL REED, and DEPUTY KENNETH P. ACHTYL, by and through their attorney, MICHAEL A. SIRAGUSA, ESQ., ERIE COUNTY ATTORNEY, by ANTHONY B. TARGIA, ESQ., Assistant County Attorney, of counsel answer the Complaint herein as set forth below:

1.     Admit the allegations contained in paragraph 2.

2.     Deny each and every allegation contained in paragraph(s) numbered 3, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 51, 52, 54, 55, 56, 57, 58, 59, and 60 of the plaintiff's complaint.

3.     Deny knowledge or information sufficient to form a belief with regards to the allegations in paragraphs 1, 4, 5, 6, 8, 9, 14, 31, 34, 49, and 50 of the plaintiff's complaint.

4.     Neither admit nor deny the allegations contained within paragraph(s) numbered 7, 32, 47, and 53 of the plaintiff's complaint in that same call for legal conclusions. To the extent that these allegations do not call for legal conclusions, the answering defendants deny knowledge or information as to same.

5.    Deny knowledge or information as to any allegations not heretofore addressed.

### AS AND FOR A FIRST DEFENSE THE DEFENDANTS ALLEGE :

6.    Upon information and belief, plaintiff's Complaint wholly fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE THE DEFENDANTS ALLEGE :

7.    Plaintiff has failed to comply with the mandatory notice of claim requirements of New York State General Municipal Law as are applicable to any possible pendent State claims asserted in plaintiff's Complaint. Therefore, any pendent State claims asserted in plaintiff's Complaint must be dismissed.

### AS AND FOR A THIRD DEFENSE THE DEFENDANTS ALLEGE :

8.    The plaintiff may not recover punitive damages or exemplary damages against the defendants herein.

### AS AND FOR A FOURTH DEFENSE THE DEFENDANTS ALLEGE :

9.    The defendants are immune in the instant suit from any liability to plaintiff for damages, since the said defendants acted towards plaintiff in good faith and with an objectively reasonable belief that their actions were lawful and not in violation of any of plaintiff's clearly established constitutional rights. Consequently, plaintiff's claims must be dismissed.

### AS AND FOR A FIFTH DEFENSE THE DEFENDANTS ALLEGE :

10.    Upon information and belief, plaintiff's causes of action in the Complaint are barred by the applicable Statutes of Limitation and/or applicable filing deadlines.

### AS AND FOR A SIXTH DEFENSE THE DEFENDANTS ALLEGE :

11.    The injuries and/or damages alleged in plaintiff's Complaint were caused or were contributed to, in whole or in part, by the culpable conduct, want of care, and/or assumption of

risk on the part of the plaintiff and without any negligence, fault, or want of care on the part of the defendants.

### AS AND FOR A SEVENTH DEFENSE THE DEFENDANTS ALLEGE :

12.    Lack of personal jurisdiction and lack of service of process.

### AS AND FOR A EIGHTH DEFENSE THE DEFENDANTS ALLEGE :

13.    Upon information and belief, all or some of the Plaintiff's economic loss has been or with reasonable certainty will be replaced or indemnified by collateral sources, and, to the full extent of such replacement or indemnification, these answering defendants request and demand that any judgment, award or verdict obtained by the Plaintiff be reduced accordingly, as provided for by § 4545 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH DEFENSE THE DEFENDANTS ALLEGE :

14.    The Defendant, COUNTY OF ERIE cannot be held vicariously liable to the Plaintiff.

### AS AND FOR A TENTH DEFENSE THE DEFENDANTS ALLEGE :

15.    The actions of the Defendants herein constitute discretionary acts which render the Defendants immune from liability to the Plaintiff under a theory of quasi-judicial immunity.

### AS AND FOR A ELEVENTH DEFENSE THE DEFENDANTS ALLEGE :

16.    No special duty or special relationship existed as between the Plaintiff and the defendants herein.  The "public duty" rule, sometimes alternatively referred to as the "governmental function immunity" doctrine, constitutes a complete bar to the Plaintiff's action as against the Defendants.

### AS AND FOR A TWELVTH DEFENSE THE DEFENDANTS ALLEGE :

17.    The Plaintiff has failed to mitigate damages herein.

18.    These Answering Defendants reserve the right to assert additional defenses throughout this litigation as discovery progresses.

## JURY DEMAND

A trial by jury is hereby demanded.

**WHEREFORE**, defendant requests that:

(A)    Each count, claim, and cause of action in plaintiff's Complaint be dismissed; and for

(B)    Such other and further relief as this Court deems just and proper under the circumstances.

DATED:    September 27, 2019
            Buffalo, New York

                        Yours, etc.

                        MICHAEL A. SIRAGUSA.
                        Erie County Attorney and Attorney for Defendant,
                        Sergeant David Webster

                        By: ANTHONY B. TARGIA, ESQ.
                        Assistant County Attorney, of Counsel
                        95 Franklin Street, Suite 1634
                        Buffalo, New York, 14202
                        (716) 858-2200




# NYSCEF - Erie County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 09/27/2019 10:59 AM. Please keep this notice as a confirmation of this filing.

### 811793/2019
### Jeffrey J Bernhardt v. County of Erie et al
### Assigned Judge: None Recorded

## Documents Received on   09/27/2019 10:59 AM

**Doc #**     **Document Type**
6             ANSWER

## Filing User

Anthony B. Targia | Anthony.targia@erie.gov
95 Franklin St Ste 1634, Buffalo, NY 14202

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/27/2019 10:59 AM:

**MICHAEL T. COUTU - mcoutu@lewislaw.com**
**EMILY F. JANICZ - ejanicz@lewislaw.com**
**ANTHONY B. TARGIA - Anthony.targia@erie.gov**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Michael P. Kearns, Erie County Clerk**
Website: http://www.erie.gov/clerk

**NYSCEF Resource Center, EFile@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019 I filed the foregoing with the Clerk of the District Court and I hereby certify that on September 30, 2019 I mailed the foregoing, by the United States Postal Service, to the following :

> Emily F. Janicz, Esq.
> Attorneys for Plaintiff
> 800 Cathedral Park Tower
> 37 Franklin Street
> Buffalo, New York 14202

Dated: Buffalo, New York
      September 30, 2019

> By: **/s/  ANTHONY B. TARGIA**
> ANTHONY B. TARGIA
> Assistant County Attorney, of Counsel
> 95 Franklin Street, Room 1634
> Buffalo, New York 14202
> Email: Anthony.Targia@erie.gov