**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**JEFFREY J BERNHARDT,**

                              **Plaintiff,**

            **-v-**                                        **19-CV-1334JLS(Sr)**

**COUNTY OF ERIE,**
**DEPUTY JOHN DUNN,**
**DEPUTY PAUL REED,**
**and**
**DEPUTY KENNETH P. ACHTYL,**

                              **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

            This case was referred to the undersigned by the Hon. John L. Sinatra,

pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon

dispositive motions. Dkt. #3.


            Currently before the Court is defendants' motion to dismiss all claims

except the common law malicious prosecution claim (Dkt. #5), and plaintiff's motion for

leave to file a late notice of claim. Dkt. #8. For the following reasons, it is recommended

that defendants' motion be granted in part and plaintiff's motion be denied.


## BACKGROUND

            On June 14, 2018, Erie County Sheriff Deputies John Dunn, Paul Reed

and Kenneth Achtyl stopped plaintiff's vehicle on Route 219 in the Town of Springville

and placed him under arrest. Dkt. #1. The Erie County Sheriff's Office Arrest/Booking

Form submitted by plaintiff indicates that plaintiff was arrested on charges of unsafe

lane change; refusal to take breath test; unlawful possession of marijuana; driving while

intoxicated - first offense; obstructing governmental administration, second degree; and

resisting arrest. Dkt. #8-5. Plaintiff was transported to the Erie County Holding Center

and subsequently examined at the Erie County Medical Center where he was observed

to have tenderness throughout the medial chest and right arm, as well as bruising to the

left shoulder. Dkt. #8-5 & Dkt. #8-6. Plaintiff was released from custody following

arraignment on June 15, 2018. Dkt. #8-5; Dkt. #8-6, Dkt. #8-9 & Dkt. #9, p.7. Plaintiff

alleges that the charges were terminated in plaintiff's favor (Dkt. #1, ¶ 50), and submits

a Certificate of Disposition from the Concord Town Court indicating that the charges for

unsafe lane change; refusal to take a breath test; unlawful possession of marijuana;

and driving while intoxicated were dismissed on July 8, 2019, while the charge for

resisting arrest was resolved with a conditional discharge for disorderly conduct and a

$125 fine, which also covered the second degree obstruction of governmental

administration charge. Dkt. #8-10.


Plaintiff filed a Notice of Claim pursuant to Section 50-e of New York

General Municipal Law on September 12, 2019. Dkt. #1, ¶ 9 & Dkt. #8-11. Plaintiff

commenced this action in New York State Supreme Court, County of Erie, on

September 13, 2019. Dkt. #1. Plaintiff asserts the following causes of action:

> (1)    assault and battery against defendants Dunn,
>        Reed and Achtyl;

(2)    false arrest against all defendants;

(3)    negligent hiring, supervision, training and
       retention against all defendants;

(4)    violation of plaintiff's state constitutional rights,
       including the right to due process of law,
       freedom of speech and security against
       unreasonable searches and seizures against
       all defendants;

(5)    malicious prosecution against defendants
       Dunn, Reed and Achtyl; and

(6)    deprivation of plaintiff's constitutional right to:
       due process of law; freedom of speech;
       security against unreasonable searches and
       seizures; equal protection of the law;
       substantive due process; and freedom from
       excessive use of force, unreasonable
       searches, unlawful arrest and criminal
       prosecution without probable cause in violation
       of 42 U.S.C. § 1983 against all defendants.

Dkt. #1.  Defendants answered the complaint and removed the action to this Court

pursuant to 28 U.S.C. § 1331. Dkt. #1.


DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 12(b)(6)

       To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal

Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. While the factual allegations need not be detailed, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts routinely take judicial notice of certificates of disposition. *Delgado v. City of N.Y.*, 19 Civ. 6320, 2021 WL 2473817, at *2 (S.D.N.Y. June 17, 2021); *See Belsito v. County of Erie,* 19-CV-215, 2019 WL 6292143, at *3 (W.D.N.Y. Nov. 25, 2019) (Judicial notice may be taken of documents filed in other cases and other courts). Courts may also take judicial

notice of arrest reports and criminal complaints, not for the truth of their contents, but to establish their existence and legal effect. *Delgado,* 2021 WL 2473817, at *2.

### 42 U.S.C. § 1983

Defendants argue that plaintiff's conclusory allegations are insufficient to plausibly allege a violation of 42 U.S.C. § 1983. Dkt. #5-2, pp.8-9.

Plaintiff responds that he has alleged sufficient facts to state a violation of 42 U.S.C. § 1983 "through the allegations of excessive use of force, deprivation of due process, freedom of speech and security against unreasonable searches and seizures following a warrantless search and seizure without probable cause." Dkt. #9, p.8. "Succinctly stated," plaintiff argues that "his constitutional rights were violated" because he "was searched, seized and arrested without probable cause." Dkt. #9, p.12.

42 U.S.C. § 1983 imposes civil liability upon individuals acting under color of state law who deprive an individual of rights, privileges or immunities secured by the Constitution and laws of the United States. It does not provide a source of substantive rights, but provides the mechanism by which a plaintiff may seek vindication of federal rights conferred elsewhere. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must plausibly allege that the challenged conduct was attributable to a person who was acting under color of state law and that the conduct deprived the plaintiff of a right guaranteed by the United States Constitution. *Hawthorne v. County of Putnam*, 492 F. Supp.3d 281, 291 (S.D.N.Y. 2020).

First Amendment Freedom of Speech

The First Amendment prohibits government officials from retaliating against individuals for engaging in protected speech. To plead such a claim, a plaintiff must plausibly allege: (1) that he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury. *Dorsett v. County of Nassau*, 723 F.3d 157, 160 (2d Cir. 2013). The existence of a retaliatory motive is an essential element of a First Amendment retaliation claim. *Franklin v. Doe #1*, 17-CV-877, 2020 WL 6469948, at *5 (W.D.N.Y Nov. 3, 2020). In the instant case, plaintiff has not alleged that he engaged in any protected speech or that any such exercise of his free speech rights motivated defendants to stop his vehicle or effectuate his arrest. *See, e.g., Lilly v, Town of Lewiston*, 449 F. Supp.3d 190, 202-03 (W.D.N.Y. 2020) (dismissing first amendment retaliation claim where plaintiff did not allege that he engaged in any protected activity before the incident with law enforcement, let alone that the law enforcement officer's actions were motivated or caused by plaintiff's protected activity). As a result, plaintiff has failed to allege a plausible First Amendment claim.

Fourth Amendment Excessive Force

"The Fourth Amendment, which protects against unreasonable seizures, governs a claim that excessive force was used in connection with an arrest." *Jackson v. Mastangelo*, 405 F.Supp.3d 488, 491 (W.D.N.Y. 2019) (internal quotation omitted). Force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting law enforcement,

without regard to their underlying intent or motivation. *Campbell v, City of N.Y.*, 06 CV

5743, 2010 WL 2720589, at *8 (S.D.N.Y. 2010). "The amount of force used by an

officer must be reasonably related to the nature of the resistance and force used,

threatened or reasonably perceived to be threatened, against the officer." *Sullivan v.*

*Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000). The inquiry is necessarily case and fact

specific and requires balancing the nature and quality of the intrusion on the plaintiff's

Fourth Amendment interests against the countervailing governmental interests at stake.

*Kochan v. Kowalski*, 431 F. Supp.3d 130, 137 (W.D.N.Y. 2019).


    Plaintiff's complaint alleges that, on June 14, 2018, defendants Dunn,

Reed and Achtyl, while acting in the course and scope of their employment as Erie

County Sheriff's Deputies, caused severe, permanent and painful injury to plaintiff

during the course of a traffic stop and arrest of plaintiff. Dkt. #1, ¶ 58. In opposition to

defendants' motion to dismiss, plaintiff submits a copy of his statement claiming that

defendant Dunn

> slammed me to the ground & came down on top of me. I
> asked "Why are you doing this?" He said ["]because you're
> fighting me." He put the hand cuffs on so tight they instantly
> hurt. I said "No, I wasn't fighting you" and he said "yes you
> are." Then he hit me in the face. My glasses came off. After
> that I saw other lights coming up from behind his vehicle. . .
> ." I heard the Sheriffs from the other car say "What's
> happening?" He said to the Sheriffs "He was fighting with
> me[.]" Then he and one of the other Sheriffs grabbed me &
> threw me in the back seat of the car, covered with blood,
> bleeding and it felt like the circulation was cut off in my
> hands. (from the handcuffs) He drove me to a local Sheriff's
> station and he opened the car door and screamed at me
> "Are your going to take the breath-a-lizer now?" He
> screamed it a second time. I said "No sir, I'm not." He
> slammed the door on my head. . . .Then he told me I was

> under arrest for DWI, resisting arrest, fighting him, and he
> took me inside the building. He took my phone and slammed
> it down on the desk. I asked where my glasses were and he
> sent the other Sheriff to get my glasses. He came back with
> my glasses and said "Here are your glasses you piece of
> shit, you low life scum!" He then told me I was going to the
> holding center downtown. The handcuffs were still so tight
> they hurt, they were digging in to my skin and my hands
> were swollen and numb. My face was still bleeding from
> when he hit me. He refused me any first aid and refused my
> request to "loosen the hand cuffs a little because they are
> digging in and hurting my hands."

Dkt. #8-7. This is sufficient to plausibly allege use of excessive force by the individual

defendants.

<u>Fourth Amendment Unreasonable Search, Seizure & Prosecution</u>

A Section 1983 claim for false arrest, resting on the Fourth Amendment

right of an individual to be free from unreasonable seizures, requires, *inter alia*, that the

confinement of the plaintiff was not privileged, *i.e.*, was without probable cause. *Kee v.

City of New York*, 12 F.4th 150, 158 (2d Cir. 2021); *See Ashley v. City of N.Y.*, 992 F.3d

128, 136 (2d Cir. 2021) ("Probable cause to arrest is a complete defense to an action

for false arrest."). Where the plaintiff has been convicted of at least one offense for

which he was arrested, that conviction will generally serve as conclusive evidence of

probable cause to arrest and foreclose a false arrest claim. *Colon v. Rochester*, 419 F.

Supp.3d 586, 596 (W.D.N.Y. 2019). The existence of probable cause is also a

complete defense to a claim of malicious prosecution. *Manganiello v. City of N.Y.*, 612

F.3d 149, 162 (2d Cir. 2010). Although plaintiff's complaint alleges that the charges

were terminated in his favor, the Court takes judicial notice of the Certificate of

Disposition submitted by plaintiff which states that plaintiff received a sentence of

conditional discharge for a violation of N.Y. Penal Law § 240.20 (disorderly conduct), which also covered the charge of obstruction of government administration in the second degree, a class A misdemeanor. N.Y. Penal Law § 195.05. Dkt. #8-10. Such a disposition bars plaintiff's cause of action claiming unreasonable search and/or seizure and malicious prosecution. *See Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (conviction of a crime charged against the defendant is a complete defense against liability for false arrest, false imprisonment and malicious prosecution), *cert. denied*, 481 U.S. 1016 (1987).

### Fourth Amendment Substantive Due Process

"Because the Fourth Amendment provides the source for a claim under Section 1983 premised upon an allegedly false arrest, false imprisonment, or malicious prosecution, plaintiff[] cannot state a substantive due process claim against the defendants based on such conduct." *Jackson ex rel. Jackson v. Suffolk Cnty*., 87 F. Supp.3d 386, 399 (E.D.N.Y. 2015). Thus, to the extent that plaintiff asserts a substantive due process claim, it is subsumed in the Fourth Amendment claim and should be dismissed. *Mazzone v. Town of Southampton*, 283 F. Supp.3d 38, 48 (E.D.N.Y. 2017), *R&R adopted*, 2017 WL 6017357 (E.D.N.Y. Dec. 1, 2017).

### Fourteenth Amendment Denial of Liberty Without Due Process

Allegations that a plaintiff was deprived of due process rights during the course of an arrest, detention and subsequent prosecution are analyzed under the Fourth rather than the Fourteenth Amendment. *Enoksen v. Nassau County*, 2022 WL 504503, at *5 (E.D.N.Y. Feb. 18, 2022), *quotng Albright v. Oliver*, 510 U.S. 266, 273

(1994) ("where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims) (internal quotation omitted).

### Fourteenth Amendment Equal Protection

To proceed on an equal protection claim, plaintiff must plausibly allege that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination. *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). In the instant case, however, plaintiff has not alleged anything more than that he was denied the right to equal protection of the laws. Dkt. #1, ¶ 57. As a result, plaintiff has failed to plausibly allege an equal protection claim.

### Municipal Liability

A municipal entity may not be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory solely because the municipality employs a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, plaintiff's allegation that the County of Erie "is responsible and liable for the conduct of defendants Dunn, Reed and Achtyl" (Dkt. #1, ¶ 56), fails to state a claim against the County of Erie as a matter of law.

A municipal entity, such as the County of Erie, may only be held liable under 42 U.S.C. § 1983 where a plaintiff demonstrates the existence of a municipal policy or custom and a causal connection between that policy and the deprivation of his

constitutional rights. *Reyes v. County of Suffolk*, 995 F. Supp.2d 215, 224 (E.D.N.Y. 2014). The policy or custom need not be memorialized in a specific rule or regulation, but may include decisions of municipal lawmakers, acts of policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Id.* However, vague and conclusory assertions are insufficient to set forth a plausible claim of municipal liability. *See Hawthorne*, 492 F. Supp.3d at 293 ("Merely asserting, in the absence of factual allegations in support, that a municipal entity has a custom or policy that denies a plaintiff a constitutional right is insufficient to establish a plausible claim."). Thus, plaintiff's allegation that the constitutional violations alleged "resulted from and out of the customs and practices of the Erie County Sheriff's Department and out of the scope of employment and duties within the Erie County Sheriff's Department" (Dkt. #1, ¶ 55), is insufficient to state a claim against the County of Erie. Accordingly, it is recommended that any claims against the County of Erie or the individual defendants in their official capacities be dismissed. *See Rose v. County of Nassau*, 904 F. Supp.2d 244, 247 (E.D.N.Y. 2012) (claims against individual defendants in their official capacities are duplicative of claim against governmental entity).

### State Claims

Defendants argue that, with the exception of plaintiff's malicious prosecution claim, plaintiff's common law claims are untimely. Dkt. #5-2, p.3.

Plaintiff argues that his tort claims were timely commenced within one year and ninety days of accrual and requests that his notice of claim served on September 12, 2019, be deemed timely *nunc pro tunc*. Dkt. #9, pp.4-8.

Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a motion to dismiss pursuant to Rule 12(b)(6) if the defense appears on the face of the complaint. *Connecticut Gen. Life Ins. Co. v. Biohealth Labs, Inc*., 988 F.3d 127, 132 (2d Cir. 2021). Federal courts apply state notice of claim statutes and statutes of limitations to state-law claims. *Wierzbic v. County of Erie*, 13-CV-978, 2018 WL 550521, at *9 (W.D.N.Y. Jan. 25, 2018).

Section 50-i of New York's General Municipal Law provides that no action may be maintained against a county for personal injury alleged to have been sustained by reason of the negligence or wrongful act of such county or any officer, agent or employee of such county unless, *inter alia*, a notice of claim has been made and served upon the county in compliance with section 50-e of New York's General Municipal Law. Section 50-e of New York's General Municipal Law provides that a Notice of Claim must be served within 90 days after the claim arises. Thus, under New York law, the filing of a notice of claim is a condition precedent to filing a tort claim against a public corporation such as the County of Erie, or against law enforcement officers acting within the scope of their employment where, as here, the County is obligated to indemnify such officer. *Hernandez v. Llukaci*, 2019 WL 1427429, at *10 (W.D.N.Y. March 29, 2019); *See DiJoseph v. Erie County,* 18-CV-919, 2020 WL 4194136, at *10 (W.D.N.Y. July 21, 2020) (recognizing that Erie County enacted a local law to defend and indemnify Sheriff's Department employees); *Poux v. County of Suffolk*, 09 CV 3081, 2010 WL 1849279, at *16 (E.D.N.Y. May 4, 2010) (County under duty to indemnify against allegations of negligence by employees discharging their law enforcement duties). In the instant case,

plaintiff's complaint clearly alleges that defendants Dunn, Reed and Achtyl were acting within the scope of their employment as Erie County Sheriff's Deputies when they engaged in assault and battery; false arrest; and malicious prosecution. Dkt. #1.

Plaintiff's claim for assault and battery arose on the date of the assault, *to wit*, June 14, 2018. *Allen v. Antal*, 665 Fed. App'x 9, 13 (2d Cir. 2016). Plaintiff also asserts a claim for negligence relating to the events of June 14, 2018. Plaintiff's claim for false arrest arose on the date of his arraignment, *to wit*, June 15, 2018. *See Hincapie v. City of N.Y.*, 434 F. Supp.3d 61, 78 (S.D.N.Y. 2020) (Under New York law, causes of action based on false arrest and false imprisonment accrue upon the individual's release from confinement). Plaintiff's claim for malicious prosecution was actionable upon disposition of the charges on July 8, 2019. *Bailey v. City of N.Y.,* 79 F. Supp.3d 424, 451 (E.D.N.Y. 2015). Plaintiff filed his Notice of Claim on September 12, 2019. Dkt. #1, ¶ 9 & Dkt. #8-11. Accordingly the only claim that accrued within 90 days of service of plaintiff's Notice of Claim is the malicious prosecution cause of action against defendants Dunn, Reed and Achtyl.

Pursuant to New York General Municipal Law §50-e(5) & (6), an application for leave to serve a late notice of claim may be made to the supreme or county court in a county where the action may properly be brought for trial or in the county where an action to enforce the claim is pending no later than the time allowed for commencement of an action by the claimant against the public corporation. Section 50-i of New York's General Municipal Law provides that such an action must be  commenced within one year and 90 days of the event upon which the claim is based.  Federal courts

do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim. *Dingle v. City of New York*, 728 F. Supp.2d 332, 348-349 (S.D.N.Y. 2010). "A late notice of claim served without leave of court is a nullity." *Tyk v. Police Officer Eric Surat*, 675 Fed App'x 40, 42-43 (2d Cir. 2017).

Given that the district court cannot grant leave to serve a late notice of claim and the time for plaintiff to seek leave to do so from state court has expired, it is recommended that the first cause of action against defendants Dunn, Reed and Achtyl for assault and battery; the second cause of action against the County of Erie and defendants Dunn, Reed and Achtyl for false arrest; and the third cause of action against the County of Erie and defendants Dunn, Reed and Achtyl for negligence be dismissed. *See In re Dayton*, 786 F. Supp.2d 809, 827-28 (S.D.N.Y. 2011) (finding service of late notice of claim without permission a nullity and noting that any application to state court would be untimely as more than one year and ninety days had elapsed).

Although plaintiff's cause of action for common law malicious prosecution is timely, it is recommended that it be dismissed for the same reason as his § 1983 malicious prosecution claim. *See Wright v. Orleans County*, 14-CV-622, 2015 WL 5316410, at *10 (W.D.N.Y. Sept. 10, 2015) (The existence of probable cause for the arrest and prosecution of plaintiff is a complete defense to plaintiff's common law false arrest and malicious prosecution claims as well as his § 1983 false arrest and malicious prosecution claims), *R&R adopted*, 2015 WL 13660397 (W.D.N.Y. Oct. 27, 2015).

Plaintiff's fourth cause of action alleges violation of plaintiff's state law constitutional rights against all defendants. Dkt. #1, p.11. Where, as here, "claims are brought pursuant to the New York State Constitution that mirror claims brought under Section 1983, courts in this Circuit have held that there is no private right of action on the state constitutional claims." *Bowles v. State Univ. of N.Y. at Geneseo*, 21-CV-6048, 2022 WL 954374, at *18 (W.D.N.Y. Mar. 30, 2022). Accordingly, it is recommended that the fourth cause of action be dismissed.

<u>CONCLUSION</u>

For the foregoing reasons, it is recommended that defendants' motion to dismiss (Dkt. #5), be denied as to plaintiff's excessive force claim pursuant to 42 U.S.C. § 1983 against defendants Dunn, Reed and Achtyl and otherwise be granted, and that plaintiff's motion for leave to file a late notice of claim (Dkt. #8), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:      Buffalo, New York
                 May 10, 2022

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
