UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY J. BERNHARDT,

      Plaintiff,

v.                                         19-CV-1334 (JLS) (HKS)

COUNTY OF ERIE,
DEPUTY JOHN DUNN,
DEPUTY PAUL REED,
DEPUTH KENNETH P. ACHTYL,

      Defendants.
_____

## DECISION AND ORDER

Plaintiff Jeffrey J. Bernhardt commenced this action on September 13, 2019 in New York State Supreme Court, County of Erie. Dkt. 1, at 7-13. The complaint set forth six causes of action stemming from an incident on June 14, 2018: (1) assault and battery; (2) false arrest; (3) negligent training, hiring, training, supervision, and retention; (4) state law constitutional claims; (5) malicious prosecution; and (6) 42 U.S.C. § 1983 claims for violations of Bernhardt's rights under the First, Fourth, and Fourteenth Amendments. *Id.* Defendants answered on September 27, 2019, and removed the case on September 30, 2019. Dkt. 1. On October 2, 2019, this Court[1] referred the case to United States Magistrate Judge H.

---

[1] Judge Vilardo was originally assigned to this case and made the referral to Judge Schroeder. Dkt. 3.

Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 3.

On November 7, 2019, Defendants filed a motion to dismiss all of Plaintiff's claims, except for the malicious prosecution claim, as follows: the first, second, third, and fourth claims for being outside the applicable statute of limitations; the third claim on account of there being no duty owed by the County of Erie; the fifth claim for containing only vague, conclusory allegations that must be dismissed as a matter of law; and the sixth claim for there being no *respondeat superior* or vicarious liability against the County of Erie for the alleged acts of Erie County Sheriff's deputies. Dkt. 5. On December 20, 2019, Plaintiff filed a cross-motion for leave to file a late notice of claim. Dkts. 9, 10.

On May 10, 2022, Judge Schroeder issued a Report & Recommendation ("R&R") recommending that the motion to dismiss be granted in part and denied in part. Dkt. 12. Specifically, Judge Schroeder recommended that the motion to dismiss be denied as to the Fourth Amendment excessive force claim under Section 1983, but otherwise should be granted. *Id.* at 15. Judge Schroeder also recommended that Plaintiff's motion for leave to file a late notice of claim should be denied. *Id.*

Neither party filed objections, and the time to do has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate

judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so, this Court carefully reviewed the R&R. Based that review, and absent any objections, the Court accepts Judge Schroeder's recommended disposition of the parties' pending motions.[2]

---

[2] In relation to Plaintiff's fourth cause of action, alleging violations of his state law constitutional rights, Judge Schroeder cites caselaw from this Circuit maintaining that no private right of action exists for violations of New York State Constitution where the plaintiff has an alternative remedy under Section 1983 for violations of parallel provisions of the U.S. Constitution. *See* Dkt. 12, at 15 (quoting *Bowles v. State Univ. of New York at Geneseo*, No. 21-CV-06048-FPG, 2022 WL 954374, at *18 (W.D.N.Y. Mar. 30, 2022)). This Court is aware of conflicting authority recognizing that Section 1983 does not provide an adequate alternative remedy for a plaintiff's state-constitutional claims asserted against a municipality under a theory of *respondeat superior*. *See, e.g., Singletary v. Allen*, No. 118CV01023EAWLGF, 2022 WL 610621, at *5 (W.D.N.Y. Mar. 2, 2022); *Alwan v. City of New York*, 311 F. Supp. 3d 570, 586-87 (E.D.N.Y. 2018) (collecting cases). However, these cases also note that a state constitutional-tort claim will not lie when state tort law provides an alternative means of address. *Alwan*, 311 F. Supp. 3d at 588. Given the likely availability of state tort law as an alternative means of address, as well as the nature of this Court's review in light of the lack of objections, the Court is satisfied that the R&R is not erroneous in its determinations.

For the reasons stated above and in the R&R, the Court DENIES Defendants' motion to dismiss (Dkt. 5) as to Plaintiff's Section 1983 excessive force claims against Defendants Dunn, Reed, and Achtyl, and otherwise GRANTS the motion to dismiss (Dkt. 5); and DENIES Plaintiff's motion for leave to file a late notice of claim (Dkt. 8).

**SO ORDERED.**

DATED:   October 25, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE